Swing, J.
The action in the court of common pleas was by plaintiffs against defendant, asking that he be compelled to allow the claim of plaintiffs against his insolvent estate.
We think the judgment of this court should be for the defendant. The decision oi Judge Sayler, in the court of common pleas, is before us. The facts are stated therein, *578 and we approve his decision, desiring to add thereto simply the following:
When plaintiffs and the assignors entered into the contracts in question, reciprocal rights and obligations were created; when the assignors assigned to defendant, their rights and obligations were transferred to their assignee, and the assignors could in no way bind the assignee after that time. As to these contracts, the evidence shows that the assignee had no knowledge of these contracts, and no communication was had between the plaintiffs and defendant until after the resale of the goods, when plaintiffs presented their claim against the estate.
Upon the assignment to Wald, it is clear, upon principle and the authorities cited by both parties, particularly the case cited by plaintiffs,in 27 Bull. 120, that Wald succeeded to the rights of the assignors, and could have enforced this contract. Before the plaintiffs were in a condition to perform the contract, or offered to perform on their part, they had notice that the assignors had no further interest in the contract, but that the same had been assigned to another. This, of course, gave them the right to rescind the contract, unless the assignee had come forward and offered to perform in the place of the assignors. We are unable to see why the defendant, on principle, can be deprived of his right, which, in this case, was the right to enforce the contracts made by the assignors, and at the same time be held liable on the contracts when he was not at fault, he never having had any opportunity given him to perform. Suppose the assignors had not made an assignment in insolvency, but had assigned the contracts for value to A, of which fact the plaintiffs had notice. Could plaintiffs have held A without offering to perform to A? This is the case here, except that the assignors became insolvent.
But that insolvency simply gave the right to plaintiffs to rescind the contract as to the assignors, with the right to enforce it or not, as to their assignee, as they might see fit. And,as to the assigee,in this case,they saw fit to abandon it and resell the goods without giving him an opportunity to perform. The principle here, we think, is distinguished from the case in 43 Ohio St. 346, in this, that in that case there was no assignment of any right or chose in action to the assignee. The obligation of the assignor was fixed. When he endorsed the note, he became liable to pay when the note was dishonored, and under fixed rules of law he was notified— ndt his assignee. The assignee had no interest in the note, *579 and took none by the assignment. _It became a debt against the estate when the parties complied with the fixed rules of law applicable to promissory notes.
Otto Pfleger, for Plaintiffs.
Wilby & Walct, contra.
But then, the assignee took an interest in these contracts which he could have enforced if plaintiffs had given him the opportunity; but they chose not to do so, and by so doing we are unable to see why they should hold him responsible, not having placed themselves in a position with regard to him showing their readiness and ability to perform.
(Affirmed by Supreme Court without report April 28,1896.)